**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4472**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

FERNANDO GARCIA-RODRIGUEZ,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:11-cr-00382-CCE-1)

_____

Submitted:  January 29, 2013       Decided:  March 12, 2013

_____

Before GREGORY, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas H. Johnson, Jr., GRAY & JOHNSON, LLP, Greensboro, North
Carolina, for Appellant.  Ripley Rand, United States Attorney,
JoAnna G. McFadden, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Garcia-Rodriguez pleaded guilty, pursuant to a written plea agreement, to illegal reentry after removal based on a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Garcia-Rodriguez to fifty-seven months' imprisonment. On appeal, Garcia-Rodriguez asserts that his sentence was unreasonable because the district court declined to impose a lower sentence. We affirm.

We review Garcia-Rodriguez's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the

2

circumstances." <u>Gall</u>, 552 U.S. at 51; <u>Lynn</u>, 592 F.3d at 575. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. <u>United States v. Mendoza-Mendoza</u>, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

To the extent that Garcia-Rodriguez challenges the district court's denial of a downward departure, a district court's refusal to depart from the applicable Guidelines range does not provide a basis for appeal "unless the court failed to understand its authority to do so." <u>United States v. Brewer</u>, 520 F.3d 367, 371 (4th Cir. 2008). Garcia-Rodriguez does not assert, and the record does not indicate, that the district court misunderstood its authority to depart. Accordingly, this claim is not reviewable on appeal.

To the extent that Garcia-Rodriguez alleges that the district court erred in failing to grant a downward variance, we conclude that Garcia-Rodriguez's sentence is both procedurally and substantively reasonable. Garcia-Rodriguez does not assert any specific procedural error, and our review of the record confirms that the district court properly considered the

3

§ 3553(a) factors, provided a detailed individualized assessment, responded to defense counsel's argument for a below-Guidelines sentence, and clearly explained the imposed sentence. Furthermore, Garcia-Rodriguez presents no evidence to rebut the presumption of reasonableness applicable to his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4